Harold Segal, J.
This is an action by the plaintiff hospital to recover against the defendant for medical services rendered by the plaintiff hospital to George Ray, Sr., deceased, father of the defendant, under section 101 of the Social Welfare Law.
The facts established that George Ray, Sr., deceased, was admitted to the Albany Hospital on October 29, 1960 and discharged on November 21, 1960, total amount of hospital bill being the sum of $650.25. This sum was not paid and was submitted to the Albany County Department of Welfare for payment in November, 1960. The Welfare Department after investigation refused to pay the claim on the ground George Ray, Sr., was of sufficient financial ability to pay the bill. George Ray died in September, 1962. The hospital bill was unpaid.
Plaintiff demanded payments from George Ray, Jr., as the son of the deceased under section 101 of the Social Welfare Law as a responsible relative. The defendant refused to pay and this action was instituted in 1962.
Section 101 of the Social Welfare Law provides:
‘ ‘ 1. The husband, wife, father, mother, grandparent or child of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person. Step-parents shall in like manner be responsible for the support of minor step-children. ’ ’
* # *
‘ ‘ 3. The liability imposed by this section shall be for the benefit of the public welfare district concerned or any legally incorporated non-profit institution which receives payments from any governmental agency for the care of medically indigent persons * * *
At common law, no duty rests upon a child to support his parent (Anonymous v. Anonymous, 176 Misc. 103); liability for public assistance furnished to others can be created only by statute; being unknown at common law. (Matter of Hough, 11 Misc 2d 183.)
The court finds that George Ray, Sr., was not a recipient of public assistance or care prior to his admission to the plaintiff hospital. In order to recover under the Social Welfare Law *330 the deceased must have been a recipient of public assistance or care. Plaintiff should have proceeded against the defendant during his lifetime or against his estate.
Complaint dismissed, with costs.